IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARISSE MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22CV197 |
| | ) |
| ENTERPRISE HOLDINGS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Charisse Morrison's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docket Entries 1, 4.) Plaintiff has also filed a copy of her Complaint. (Compl., Docket Entry 2; Suppl., Docket Entry 5.) For the following reasons, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that Plaintiff's Complaint, and supplement thereto, be dismissed for failure to state a claim.

## I. BACKGROUND

In the Complaint, Plaintiff alleges that Enterprise Holdings, Inc., et al (Defendant) violated numerous federal statutes including Title II and Title X of The Civil Rights Act of 1964, the Equal Credit Opportunity Act, the Consumer Credit Protection Act, the Lanham Act, and the Federal Trade Commission Act ("FTC Act"). (*See generally* Compl.) Specifically, Plaintiff alleges that "Defendant Durham employee(s) intentionally engaged in discriminatory behavior" as they denied "a service based on apparent age, race, ethnicity, and religious

preference/affiliation." (*Id.* at 4.)[1] Plaintiff further alleges that Defendant and its employees "willfully misrepresented the company's payment policy to deny a service," as they insisted the company only accepted "one type/form of bank card payment." (*Id.*) Additionally, Plaintiff alleges that Defendant refused to acknowledge or resolve Plaintiff's complaint, as Defendant did not address the personal injury that occurred as a result of the "discriminatory event." (*Id.*) Defendant and its employees also engaged in "false advertising" as they denied "a service" and "credit" contrary to the company's advertisement. (*Id.* at 3, 4.) For relief, Plaintiff seeks damages for the injuries Plaintiff incurred such as future medical payments and accommodations for a disability. (*Id.* at 4.) In the amended pleading, Plaintiff requests a jury trial, "to proceed without [a] fixed monetary award," and "immediate actual damages." (Suppl.)

## II. DISCUSSION

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004)

---

[1] All citations in this Order and Recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear in CM/ECF.

("The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted).

"Although the Court must liberally construe *pro se* Plaintiff's allegations, it cannot 'ignore a clear failure to allege facts' that set forth a cognizable claim," and "reliance on legal

3

terms is insufficient in a complaint." *See Pulley v. Greenville Hous. Auth.*, No. 4:18CV120, 2018 WL 4016987, at *3 (E.D.N.C. Aug. 2, 2018) (unpublished) (citation omitted), *report and recommendation adopted*, 2018 WL 4016305 (E.D.N.C. Aug. 22, 2018) (unpublished). At the outset the undersigned notes that to the extent Plaintiff seeks to allege Defendant discriminated against Plaintiff in violation of Title II and Title X of the Civil Rights Act of 1964, the Complaint contains only cursory allegations of discrimination that fail to state a claim. (*See generally* Compl.) Specifically, Plaintiff fails to plead facts that satisfy the required elements of such a cause of action, given that Plaintiff only vaguely alleges "a service" was denied based on apparent race, ethnicity, and religious preference, but does not indicate Plaintiff's membership in a protected class nor does Plaintiff allege facts showing that Defendant is a place of public accommodation; and fails to provide any facts related to the Community Relations Service. *See Blackstock v. Hartsville YMCA*, No. 4:17CV01925, 2017 WL 3530524, at *2 (D.S.C. July 28, 2017) (unpublished) (to state plausible claim under Title II, a plaintiff must plead facts showing that he or she is (1) a member of a protected class, (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) was denied those benefits and enjoyment, and (4) was treated less favorably than similarly situated persons who are not members of the protected class; plaintiff did not allege that she was a member of the protected class and there were no factual allegations showing that the defendant was a place of public accommodation), *report and recommendation adopted*, 2017 WL 3500178 (D.S.C. Aug. 16, 2017) (unpublished); *see also Jones v. Nat'l Council on Disability*, 66 F. Supp. 3d 94, 100 (D.D.C. 2014) (noting that the Civil Rights Act of 1964 includes numerous titles, including Title II which bans discrimination in hotels,

4

restaurants, and other public accommodations, and Title X establishes the Community Relations Service for the purpose of assisting local claims of discrimination; concluding that plaintiff's Civil Rights Act claim was vague and did not allege a violation of any particular Title of the Act and thus, dismissed that claim for failure to state a claim), *aff'd*, No. 14-5244, 2015 WL 653308 (D.C. Cir. Feb. 5, 2015) (unpublished per curiam).

Furthermore, Plaintiff alleges Defendant violated the Equal Credit Opportunity Act. However, even considering Plaintiff's allegations that Defendant denied "a service" and "credit," and misrepresented the company's payment policy (*see* Compl. at 3, 4), Plaintiff nonetheless fails to state a claim, as Plaintiff does not allege any facts indicating that Defendant was a creditor or that Defendant denied Plaintiff an application for credit based on being in a protected class. *See* 15 U.S.C. §§ 1691(a) (it shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age), 1691a(e) (creditor means any person who regularly extends, renews, or continues credit); *see also Guess v. Adams*, No. 3:15-657-CMC-PJG, 2015 WL 1549062, at *4 (D.S.C. Mar. 23, 2015) (unpublished) (concluding that plaintiff's claims under the Equal Credit Opportunity Act were subject to dismissal because complaint merely alleged that plaintiff was a member of a protected class, but it contained no factual allegations to demonstrate that plaintiff applied for, or was denied, any type of credit by defendant for a prohibited reason), *report and recommendation adopted in part*, 2015 WL 1538361 (D.S.C. Apr. 7, 2015) (unpublished).

Additionally, while Plaintiff alleges Defendant violated numerous other statutes, the Complaint contains minimal factual allegations and only indicates in a conclusory fashion that

5

Defendant "misrepresented the company's payment policy" (Compl. at 4), which is insufficient to state a claim. *See* 15 U.S.C. § 1601(a) (purpose is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices); *see also Baldino's Lock & Key Serv., Inc. v. Google Inc.*, 624 F. App'x. 81, 82 (4th Cir. 2015) (unpublished per curiam) (to prevail on a Lanham Act claim, a plaintiff must establish, *inter alia*, that the defendant made a false or misleading description of fact or representation of fact in a commercial about his own product, the misrepresentation is material, and the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience).

Moreover, Plaintiff fails to state a claim under the FTC Act because there is no private right of action under the FTC Act. *Wimbley v. Select Portfolio Servicing, Inc.*, No. 1:08CV939, 2009 WL 2045922, at *3 (M.D.N.C. July 9, 2009) (unpublished) ("It is well established that the FTC Act does not create a private right of action for enforcement of the FTC Act"; collecting cases). Thus, the undersigned will recommend dismissing Plaintiff's action for failure to state a claim upon which relief can be granted.

Accordingly, **IT IS HEREBY ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order.

**IT IS RECOMMENDED** that the Complaint, and supplement thereto, be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

_____
Joe L. Webster
United States Magistrate Judge

October 17, 2022
Durham, North Carolina